## Case No. 16,149.
### UNITED STATES v. REYMERT.
[1 Int. Rev. Rec. 63.]
Circuit Court S. D. New York. 1865.

DEPOSITARIES OF PUBLIC MONEYS — SHORTAGE OF ACCOUNTS—EVIDENCE.

[Where a receiver of public moneys was charged with a shortage of some $6,000 in his accounts, but claimed that the money had been stolen from him, *held,* that it was decisive against him that he had never in any manner presented to any accounting officer of the treasury a claim for a credit in that sum, and had not at the trial shown himself to be in possession of any vouchers not before in his power to procure.]

This action, brought to recover the amount remaining due on the official accounts of the defendant [James D. Reymert], late receiver of public moneys and designated depositary at Hudson, Wis., came on for trial on the 10th instant. The plaintiffs introduced and proved the original bond of the defendant, and a treasury transcript showing a balance of $6,000 due to the United States treasury; and also called Mr. P. F. Wilson, special agent of the treasury department, who testified that in the early part of the summer of 1861, he went out to defendant's office and examined the books, which showed that there was due to the treasury from defendant about $9,400; that defendant subsequently paid to the United States marshal at Chicago about $1,500, and to the witness at St. Croix Falls, Wis., about $1,850, leaving just $6,000 due the treasury as above; that defendant had no money in the safe, and told Mr. Wilson that this amount had been stolen from him; but nevertheless promised to pay it, and gave to Mr. Wilson certain conveyances (which were not produced) which Mr. W. said he understood at the time were given as collateral to defendant's official bond, and as a further security for the $6,000.

On the part of the defendant evidence was introduced to show the insecurity of the safe furnished to defendant and the precautions he took for greater safety; that the safe contained the exact balance shown by the books of the office on the 28th of February or March 1, 1861; that on the 4th of March following, large amounts were received from two other receivers, and a large payment made to Mr. Mix, Indian agent; that on the evening of that day, on making up his accounts, and examining the money on hand, $6,000 was found to be missing; and that the money was kept in bags. Defendant also introduced evidence to show that he had actually incurred expenses for clerk hire and guarding the money, which expenses had been disallowed by the accounting officers of the treasury.

E. Delafield Smith, U. S. Dist. Atty., P. F. Wilson, and F. B. Clarkson, for United States.

George W. Stevens, for defendant.

SHIPMAN, District Judge, said he must direct the jury to bring in a verdict for the plaintiffs; that without entering into the question whether defendant was entitled to a credit on his accounts for money lost by theft or robbery, it was decisive of this case that he had never in any manner presented to any accounting officer of the treasury a claim for credit for the $6,000; nor had he on the trial shown himself to be in possession of vouchers not before in his power to procure. Acts March 3. 1797, § 4 (1 Stat. 512). The judge further said that as to the claims made and disallowed for credit on account of expenses incurred, the defendant had not in any manner shown himself authorized to incur such expenses, and it did not appear, therefore, that they had been improperly disallowed (Acts Aug. 6, 1846, § 13; 9 Stat. 59), and the transcript of the books of the treasury department, introduced by plaintiffs, showing that the defendant is indebted in the sum of $6.000, it is incumbent on him to prove conclusively that he is not.

The jury accordingly rendered a verdict for the United States for $6,000 and interest from August 5, 1861.